**Motion for En Banc Reconsideration Denied and Dissenting Opinions on Order filed September 17, 2020.**



In The

# Fourteenth Court of Appeals

### NO. 14-17-00732-CV

## HARRIS COUNTY, TEXAS AND KEVIN VAILES, Appellants

## V.

## BARBARA COATS AND ALI AMRON, Appellees

### On Appeal from the 80th Judicial District Court of
### Harris County, Texas
### Trial Court Cause No. 2012-55551

## DISSENTING OPINION FROM DENIAL OF EN BANC RECONSIDERATION

I join Justice Spain in his dissent. I join Justice Bourliot in her dissent as to the errors in the panel's opinion, but do not join in her commentary regarding the suggestion to temporarily appoint an additional justice to the court of appeals in order to comprise a majority vote of the court.

Further, in circumstances such as here, where the vote is tied 4-4, under our current rules en banc reconsideration fails, which does not serve the parties or the public interest. *See* Tex. R. App. P. 49.3. It is the purpose of the courts to address issues of importance, and if at least four of eight sitting justices of the court find the opinion merits review en banc, then in the interest of justice, the vote should be considered granted rather than denied. The Supreme Court should review and change the Rule.

I would further add that the extraordinary circumstances of this case warrant it be reheard en banc. *See* Tex. R. App. P. 41.2(c).

After a three-week trial, the jury returned a verdict against Deputy Vailes and Harris County. The jury found that Jamail sustained an injury resulting directly from Deputy Vailes's use of excessive force that was objectively unreasonable, and that Deputy Vailes unreasonably seized Jamail. As to Harris County, the jury made several findings (*i.e.*, findings (a)-(f)), including that a final policymaker for the county failed to train and supervise law enforcement officers adequately, was deliberately indifferent to the consequences of such failure, and that a final policymaker for the County ratified Deputy Vailes's conduct that violated Jamail's constitutional rights to be free from excessive force and unreasonable seizure. The jury crafted a verdict after considering the evidence, reflecting their consideration, apportioning damages for fault for Jamail's death 60% to Harris County, 20% to Deputy Vailes, and 20% to Jamail. The trial court signed a judgment based on the verdict.

I agree with Justice Bourliot's dissent wherein she finds error in the panel's reversal of the judgment against Harris County by concluding the County is not liable under 42 U.S.C. § 1983 for any damages based upon Deputy Vailes's constitutional violations because appellees did not establish that the violations were pursuant to an act or decision of a Harris County final policymaker. The panel's

2

conclusion is contrary to the law, the evidence presented at trial, and the jury finding in this case. Based on the evidence presented in this case, the jury could have reasonably found implied delegation by Harris County of policymaking authority on law enforcement matters to Constable Hickman. *See Harris County v. Nagel*, 349 S.W.3d 769, 793 (Tex. App.—Houston [14th Dist.] 2011, pet. denied) (discussing governmental liability under Section 1983 based on ratification in relation to a constable acting in lieu of the county's governing body with respect to serving mental health warrants).

Additionally, I agree with Justice Bourliot that the panel erred in reversing the jury's finding that Deputy Vailes's placement of his boot over Jamail's nose and mouth for two to five minutes was a proximate cause of his death. The panel disregards relevant authority and engages in an improper sufficiency review. *City of Keller v. Wilson*, 168 S.W.3d 802, 808 (Tex. 2005) (in reviewing the jury's verdict for the legal sufficiency of the evidence, we consider all of the evidence in the light most favorable to the prevailing party, "crediting favorable evidence if reasonable jurors could, and disregarding contrary evidence unless reasonable jurors could not."). Under the facts of this case, there is no requirement for expert testimony to prove causation. The facts here fall squarely within the line of authority providing lay testimony is sufficient when "general experience and common sense will enable a layman to determine, with reasonable probability, the causal relationship between the event and the condition." *See Jelinek v. Casas*, 328 S.W.3d 526, 533 (Tex. 2010); *Guevara v. Ferrar*, 247 S.W.3d 662, 668 (Tex. 2007) (lay evidence is sufficient when it establishes a "sequence of events which provides a strong, logically traceable connection between the event and the condition."). Based on witness testimony in this case, the jury could have reasonably inferred that Deputy Vailes's boot completely obstructed Jamail's airways for two to five minutes, and that as a result Jamail was not breathing and died. Finally, the panel opinion takes

issue with the jury's interpretation of the evidence, inappropriately substituting its opinion on witness credibility for that of the jury. *Keller*, 168 S.W.3d at 819; *Maritime Overseas Corp. v. Ellis*, 971 S.W.2d 402, 407 (Tex. 1998) (We may not pass upon a witness's credibility or substitute our judgment for that of the jury, even if the evidence might clearly support a different result).

It is undisputed that the facts of this case involve an unfortunate and unnecessary death proximately caused by excessive force in violation of Jamail's constitutional rights to be free from excessive force and unreasonable seizure. A final policymaker for Harris County failed to train and supervise law enforcement officers and was deliberately indifferent to the consequences of such failure. Moreover, a final policymaker ratified Deputy Vailes's conduct that violated Jamail's rights. Recognizing the gravity of the issues involved, in 2017, a Harris County jury found in favor of appellees, sending a message that these actions are unacceptable. Three years later, in 2020, the same message is being heard across the country: citizens will not tolerate official policies or customs that cause an individual to be subjected to a denial of a constitutional right. Based on the importance of this ruling, justice requires this case be heard en banc by the full court.

In sum, the panel, in overturning the jury's verdict and the trial court's judgment, misapplies well-settled legal standards and authority as well as invades the province of the jury. Accordingly, the panel's errors should be corrected by this Court or by our high court. *See* Tex. R. App. P. 41.2(c). Otherwise, the defects in the panel opinion will ripple through every segment of society.

4

/s/    Margaret "Meg" Poissant
Justice

En banc court consists of Chief Justice Frost and Justices Christopher, Wise, Jewell, Bourliot, Zimmerer, Spain, and Poissant. (Justice Hassan not participating).

Justices Bourliot, Zimmerer, Spain, and Poissant voted to grant en banc reconsideration.

Justice Bourliot filed a dissenting opinion in which Justices Zimmerer and Spain joined, and Justice Poissant joined in part on the merits only.

Justice Spain filed a dissenting opinion in which Justices Bourliot, Zimmerer, and Poissant joined.

Justice Poissant filed a dissenting opinion, in which Justice Zimmerer joined.